Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>VS.<br><br>CRISTIAN J. RODRÍGUEZ MARRERO<br><br>Peticionario | KLCE202401071 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. I SCR202400147-153<br><br>SALA: 202<br><br>Sobre:<br><br>ART. 93-A CP, ART. 244 CP, ART. 6.09 LA (2), ART. 6.14-A LA (2) Y ART. 6.22 LA |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de octubre de 2024.

Comparece la parte Peticionaria el señor Cristian J. Rodríguez Marrero (en adelante, parte Peticionaria o señor Rodríguez Marrero), para solicitarnos que se revise y revoque la *Resolución* emitida el 30 de septiembre de 2024 y notificada el 1 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, (en adelante, TPI), en la cual denegó la moción de traslado de región judicial, sin celebrar una vista evidenciaría según dispone la Regla 83 de Procedimiento Criminal, 34 LPRA Ap. II, R. 83.[1]

Acompañado con este recurso, la parte Peticionaria radicó en una *Moción en Auxilio de Jurisdicción*, solicitando la paralización de los procedimientos, toda vez que, tiene un juicio a comenzar el próximo 7 de octubre de 2024.

---

[1] Apéndice 1 del Recurso de *Certiorari*, págs. 1-2.

Número Identificador

RES2024 _____

Luego de evaluar el escrito presentado, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, el Ministerio Público, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7.

Por los fundamentos que expondremos a continuación, se declara *No Ha Lugar* al Auxilio de Jurisdicción y se *deniega* la expedición del auto de *Certiorari*.

**-I-**

El Ministerio Publico presentó denuncias contra el señor Rodríguez Marrero por infracciones a los artículos 93 A del y 244 de la Ley Núm. 146-2012, 33 LPRA secs. 5001,5142,5334, también conocido como Código Penal de 2012, (en adelante Código Penal), dos (2) infracciones al artículo 6.14A, dos (a) infracciones al artículo 6.09 y una infracción al artículo 6.22 de la Ley Núm. 168-2019, 25 LPRA secs. 461,466h, 466m, 466u, también conocida como Ley de Armas, (en adelante Ley de Armas). La Vista Preliminar fue llevada a cabo el **12 de febrero de 2024** donde el Tribunal de Primera Instancia encontró causa probable en cada una de las imputaciones. **Así las cosas, luego de la lectura de acusación, el caso quedó señalado para Juicio**.

El 12 de septiembre de 2024, la parte peticionaria solicitó mediante una *Moción Confidencial en Solicitud de Traslado,* la cual acompañó con una declaración jurada del señor Rodríguez Marrero.[2] En esta arguyó que presenta esta moción con veinticinco días de antelación al juicio según exige la Regla 81 y 82 de Procedimiento Criminal, 34 LPRA Ap. II, R. 81, 82. En esencia, sostuvo que la parte peticionaria ha sido objeto de amenazas de parte de todos los alguaciles del TPI de Mayagüez, toda vez que una de las víctimas, fue hijastra del Supervisor de Alguaciles.

---

[2] Apéndice 2 del Recurso de *Certiorari*, págs. 3-7.

Añadió que las mismas consisten en: "tienes suerte que Crespo es ya cristiano, porque si no ya te hubiese matado", "te vamos a hacer la vida imposible en este Tribunal, en este procedimiento y en cualquier otro que tengas en otro tribunal". También manifestó que "le aprietan las esposas de manera intencional con tanta intensidad que lo lastiman. Por último, alegó que "uno de los alguaciles le expresó que no consumiera la comida que le dieran en el Tribunal porque podía estar envenenada".

El Ministerio Público presentó la correspondiente oposición mediante *Escrito en Oposición a Moción Confidencial: en Solicitud de Traslado*.[3] En síntesis, expuso que las alegaciones eran generales por la parte peticionaria. Que este caso lleva ventilándose en el foro de origen desde hace más de un año (1) y seis (6) meses desde que se celebró la Vista de Causa Probable, 34 LPRA Ap. II, R.6. Arguyó además, que este caso ha tenido múltiples señalamientos, al igual que múltiples representaciones legales. Añadió que no detalló ni especifico nombre, fechas, ni evidenció daños, ni ha presentado querella alguna por estos alegados hechos. Durante todo el término que lleva ventilándose este litigio, nunca había presentado reclamo alguno, y menos a tan poco tiempo de la celebración del juicio.

En respuesta a ello, el Foro de Instancia dictó una *Resolución* el 30 de septiembre donde denegó la solicitud de la parte peticionaria.[4] En resumen, destacó que las alegaciones son de manera genérica, donde imputa conducta impropia a unos alguaciles que no identifica. Concluyó que la defensa no presentó fundamentos en derecho que movieran la discreción del tribunal para ordenar el traslado a otra jurisdicción. Más aun, cuando el juicio por jurado comienza a ventilarse desde el 7 hasta el 30 de

---

[3] Apéndice 3 del Recurso de *Certiorari*, págs. 8-10.
[4] Apéndice 1 del Recurso de *Certiorari*, págs. 1-2.

octubre de 2024. Añadió que el caso sería referido a la Jueza Administradora para el trámite de medidas cautelares que correspondan en cuanto a las alegaciones del Alguacilazgo en el TPI.

Inconforme con ello, el peticionario acude mediante la solicitud de Auxilio de Jurisdicción y *Certiorari*, donde imputó al foro primario la comisión de los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia de Puerto Rico, sala Superior de Mayagüez, al declarar *No Ha Lugar* la moción en solicitud de traslado radicada por la Defensa abusando de su discreción.

> Erró el Tribunal de Primera Instancia de Puerto Rico, sala Superior de Mayagüez, al declarar *No Ha Lugar* la moción en solicitud de traslado radicada por la Defensa sin celebrar una vista evidenciaría según dispone la Regla 83 de Procedimiento Criminal.

Examinado el recurso en su totalidad, procedemos a establecer el derecho aplicable y resolver.

*-II-*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al*, 212 DPR 194, 207 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1., establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 709 (2019). En lo pertinente, la Regla 52.1, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una

resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

La discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Mun. Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *IG Builders et al. v. BBVAPR, supra,* pág. 338. Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros. *Id.* pág. 338. Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra*; *Rivera et al. v. Arcos Dorados et al. supra*; *Mun. Caguas v. JRO Construction, supra,* pág. 709; *McNeil Healthcare v. Mun. Las Piedras I, supra,* págs. 404-405; *IG Builders et al. v. BBVAPR, supra,* págs. 338-339. La referida regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso. *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009). Es por ello que, los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado. *Id.* pág. 918. Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al., supra*; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).

### -III-

Como cuestión de umbral, debemos determinar si procede la expedición de este recurso. En el presente caso, la parte peticionaria sostiene que el foro primario abusó de su discreción al denegar su moción de traslado.

Las decisiones de los tribunales de instancia merecen gran flexibilidad y deferencia, debido a que es el foro que conoce las particularidades del caso. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 735 (2018). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez-Alayón,* 2023 TSPR 145; 213 DPR__ (2023). Por tanto, los foros apelativos no deben pretender administrar ni manejar el curso ordinario de los casos ante el Tribunal de Primera Instancia. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013).

No obstante, la discreción ha de ceder cuando se configura: (1) un claro abuso de discreción, (2) el tribunal actuó con prejuicio o parcialidad o (3) el tribunal se equivocó en la interpretación o aplicación de una norma procesal o de derecho sustantivo. *BPPR v. SLG Gómez-Alayón, supra.* El adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. La discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Sánchez González,* 90 DPR 197, 200 (1964). El abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990).

Es menester señalar que "[l]a discreción es el instrumento más poderoso reservado a los jueces para hacer justicia[,] sin embargo, ésta no puede ejercitarse en el vacío ni de modo arbitrario, sino

que invariablemente debe haber una razón bien fundada que mueva la conciencia judicial hacia la concesión de la prórroga solicitada". *Rivera v. Sucn. Perez,* 165 DPR 228, 239–40 (2005). Es por ello que para determinar si un tribunal incurrió en craso abuso de discreción, se deben considerar los siguientes criterios: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente. *Pueblo v. Custodio Colón,* 192 DPR 567, 589 (2015).

El Tribunal de Apelaciones no debe elaborar sobre la pasión, el prejuicio y la parcialidad si no puede fundamentar que esto ocurrió en el caso ante su consideración. *Gómez Márquez v. Periódico el Oriental Inc.,* 203 DPR 783, 785 (2020). En casos en que el Tribunal de Instancia incurra en pasión, prejuicio, error manifiesto, y, por ende, en abuso de discreción, las situaciones reseñadas impiden que se le conceda la deferencia que como regla general se le confiere. Esto se hace necesario para no incurrir en una injusticia. *Pueblo v. De Jesús Mercado, supra,* pág. 780.

Destacamos que tras evaluar serenamente el expediente ante nos, concluimos que no procede la expedición del Auxilio de Jurisdicción ni del Auto de *Certiorari,* toda vez que no se configuran las excepciones para la expedición de este. Dentro de las alegaciones de la parte peticionaria, estas no nos persuaden para utilizar nuestra facultad discrecional y paralizar el pleito de epígrafe. No estamos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. El dictamen de la *Resolución*

recurrida no es erróneo ni configura un abuso de discreción de la juzgadora del derecho. Todo lo contrario, se encuentra salvaguardado dentro de la discreción que le cobija.

*-IV-*

Por los fundamentos que anteceden, se declara *No Ha Lugar* al Auxilio de Jurisdicción y se *deniega* la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente a la Hon. Jueza Vilmary Rodríguez Pardo, a la Jueza Maura Santiago Ducós, Jueza Administradora Regional del Tribunal de Primera Instancia, Sala de Mayagüez y a las partes.**

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones